UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES FOR THE UPPER PENINSULA
PLUMBERS' AND PIPEFITTERS' HEALTH
CARE FUND, et al.

        Plaintiffs,                                 Hon. Richard Alan Enslen

v.                                                              Case No. 4:02-cv-00113

INDUSTRIAL PIPING CO. OF MARQUETTE, INC.,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Motion for Contempt Finding (Dkt. 70). The Court entered a Second Stipulated Supplemental Judgment on May 5, 2003, which required, inter alia, that Industrial Piping Co. of Marquette, Inc. should remit all fringe benefit contributions due to the Plaintiffs in a timely manner. For the reasons stated, the Court recommends that the motion be **granted**. On June 9, 2005, Plaintiffs filed their motion for contempt, asking that the Court find Industrial Piping & Boiler Service, Inc. and Robert Weber, its president, in contempt for failure to abide by the terms of that judgment. A show cause order was issued on January 6, 2006, and a hearing was held on February 3, 2006. Plaintiffs were ordered to serve a copy of the order and the motion on Industrial Piping & Boiler Service, Inc. and Robert Weber and to file a proof of service, which they did (Dkt. 88).

Defendant and Robert Weber failed to appear at the February 3, 2006 hearing. Counsel for Plaintiffs advised that he had spoken with Mr. Weber on February 2, 2006, and Robert Weber relayed the following. First, he was aware of the date and time of the hearing. Second, he was aware of his contribution obligations. Third, he did not dispute the audited figures. At the hearing, the Court received into evidence the report of Plaintiffs' auditor (Pl. Exh. 1) reflecting an overdue amount of $31,573.02. Plaintiffs' counsel also requested fourteen days to file a verified statement of Plaintiffs' attorney fees and costs in connection with bringing the motion for contempt finding.

The Sixth Circuit Court of Appeals has given guidance concerning the availability of contempt as a remedy for failure of a defendant to satisfy a judgment. The case of *Electrical Workers Pension Trust Fund of Local Union #58, IBEW, et al. v. Gary's Electrical Service Company*, 340 F.3d 373, 383 (6th Cir. 2003), arose from failure of an electrical contractor to satisfy a judgment for past due contributions under a collective bargaining agreement. The Sixth Circuit held that a contempt citation is available against both a corporate defendant and its officers for willful failure to satisfy such a judgment. In order to hold the defendant and Robert Weber in contempt, the movant must produce clear and convincing evidence that the defendant violated a definite and specific order of the court requiring them to perform or refrain from performing a particular act, and that the defendant did so with knowledge of the court's order. *Electrical Workers*, 340 F.3d at 379. This is sufficient to establish a prima facie case. The burden then shifts to the contemnor who may defend by showing that he is presently unable to comply with the court's order. *Id., citing U.S. v. Rylander*, 460 U.S. 752, 757 (1983). This showing must be categorical and in detail, demonstrating why defendant is unable to comply with the court's order. *Electrical Workers*, 340 F.3d at 379.

Here, Plaintiffs have satisfied their burden of establishing a prima facie case for a contempt citation by demonstrating that the Court's judgment was entered, that $31,573.02 is due under the judgment, and that no part of the judgment has been paid. This shifts the burden to the defendant. Defendant has ignored these proceedings. Specifically, neither Robert Weber nor anyone else from the defendant company appeared at the show cause hearing on February 3, 2006. Thus, there was no evidence presented in satisfaction of their burden of production.

Under the authority of *Electrical Workers Pension Trust Fund of Local Union #58, IBEW, et al. v. Gary's Electrical Service Company*, 340 F.3d 373, 383 (6th Cir. 2003), I find that Plaintiffs have satisfied their burden, establishing entitlement to the sanction of contempt as a remedy for Defendant's failure to satisfy this Court's judgment. In addition, under *Electrical Workers*, officers of the corporate defendant are subject to the Court's orders and are liable in contempt proceedings for the company's failure to comply with a judgment. Here, Robert Weber has been identified as the president of the defendant corporation and as being in control of its affairs. He has not come forward with evidence that he is presently unable to comply with the judgment. *See, Electrical Workers*, 340 F.3d at 382. A contempt citation is therefore appropriate against Mr. Weber as well.

## Recommended Disposition

I recommend that Plaintiff's Motion for Contempt finding (Dkt. 70) be **granted**, and: 1) that Industrial Piping & Boiler Service, Inc., successor company to Defendant Industrial Piping Co. of Marquette, Inc., and its officer, Robert Weber, be held in civil contempt of Court; 2) that Defendant be granted thirty days to purge itself of contempt by payment to Plaintiffs of $31,573.02 plus an amount in attorney fees to be submitted by Plaintiff's counsel within 14 days of the date of this Recommendation; 3) that if the contempt is not purged, an arrest warrant be issued for Robert Weber

and that he be brought to Grand Rapids, Michigan for a hearing; and 4) that if the contempt is not purged, defendant incur a fine of $500 per week until all arrearages and fines have been paid. The Clerk is directed to serve a copy of this Report and Recommendation upon Defendant at the address shown below:

>Robert S. Weber
>Industrial Piping Co. of Marquette, Inc.
>446 East Crescent Street
>Marquette, MI  49855
>
>-and-
>
>Industrial Piping Co. of Marquette, Inc.
>446 East Crescent Street
>Marquette, MI  49855

>Respectfully submitted,

Date:  February 22, 2006         /s/ Ellen S. Carmody
                                 ELLEN S. CARMODY
                                 United States Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).