UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES FOR THE UPPER PENINSULA
PLUMBERS' AND PIPEFITTERS' HEALTH
CARE FUND, et al.

        Plaintiffs,                            Hon. Richard Alan Enslen

v.                                                Case No. 4:02-cv-00113

INDUSTRIAL PIPING CO. OF MARQUETTE, INC.,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Contempt Sanctions and for Injunction Preventing the Transfer of Property (Dkt. 98). On May 5, 2003, the Court entered a Second Stipulated Supplemental Judgment in this matter which required, inter alia, that Industrial Piping Co. of Marquette, Inc. should remit all fringe benefit contributions due to the Plaintiffs in a timely manner. On June 9, 2005, Plaintiffs filed their motion for contempt, asking that the Court find Industrial Piping & Boiler Service, Inc. and Robert Weber, its president, in contempt for failure to abide by the terms of that judgment. A show cause order was issued on January 6, 2006, and a hearing was held on February 3, 2006. Plaintiffs were ordered to serve a copy of the order and the motion on Industrial Piping & Boiler Service, Inc. and Robert Weber and to file a proof of service of same, which they did (Dkt. 88).

Defendant and Robert Weber failed to appear at the February 3, 2006 hearing.  Counsel for Plaintiffs advised that he had spoken with Mr. Weber on February 2, 2006, and Robert Weber relayed the following.  First, he was aware of the date and time of the hearing.  Second, he was aware of his contribution obligations.  Third, he did not dispute the audited figures.  At the hearing, the Court received into evidence the report of Plaintiffs' auditor (Pl. Exh. 1) reflecting an overdue amount of $31,573.02.  Plaintiffs' counsel also requested fourteen days to file a verified statement of Plaintiffs' attorney fees and costs in connection with bringing the motion for contempt finding, which he did, claiming $3,255.00 for attorney fees and $322.25 for costs incurred in enforcing the Court's Second Supplemental Judgment of May 5, 2003.  The undersigned issued a Report and Recommendation that the motion for contempt finding be granted (Dkt. 93), which the Court approved by order (Dkt. 97).

Plaintiffs now move (Dkt. 98) for a new order of contempt granting Plaintiffs the following relief:  1) an order for defendant and its principal, Robert Weber, to pay the $31,573.02 due under the previous order and to pay an additional $30,810.03 due for the period from January 2006 through June 2006; 2) an order that defendant cease selling any assets of Industrial Piping Company of Marquette, Inc. until its obligations under the Second Stipulated Supplemental Judgment have been paid; and 3) the issuance of an arrest warrant for Robert Weber, with an order that he be brought before the undersigned in Grand Rapids, Michigan, to impress upon him the seriousness of the obligations of defendant Industrial Piping Company of Marquette, Inc.

A hearing on the motion was held on August 23, 2006.  Specifically, an order that Robert Weber appear on August 23, 2006 and show cause why the motion should not be granted was issued

(Dkt. 101). Despite service of the motion and the order to show cause on defendant and Robert Weber (Dkt. 99, 102), no one appeared at the hearing on defendant's behalf.

Therefore, I recommend that the Court **grant** Plaintiffs the relief requested in their Motion for Contempt Sanctions and for Injunction Preventing the Transfer of Property (Dkt. 98). The Clerk is directed to serve a copy of this Report and Recommendation upon Defendant at the addresses shown below:

>Robert S. Weber
>Industrial Piping Co. of Marquette, Inc.
>446 East Crescent Street
>Marquette, MI  49855
>
>-and-
>
>Industrial Piping Co. of Marquette, Inc.
>446 East Crescent Street
>Marquette, MI  49855

                                                            Respectfully submitted,

Date:  November 3, 2006                             /s/ Ellen S. Carmody
                                                    ELLEN S. CARMODY
                                                    United States Magistrate Judge


OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).